**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4008**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

STUART DOTSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Thomas E. Johnston, District Judge. (5:06-cr-00155-1)

Submitted: July 30, 2009         Decided: August 17, 2009

Before WILKINSON, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John L. File, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stuart Dotson appeals the district court's order revoking his supervised release and sentencing him to twenty months of imprisonment. Dotson argues that his sentence is plainly unreasonable because it does not further the purposes of supervised release. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first assess the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'").

Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Crudup, 461 F.3d at 439; see Finley, 531 F.3d at 294. Although the district court must consider the

2

Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3583 (West 2000 & Supp. 2009), "the [district] court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks and citations omitted).

Dotson does not challenge the procedural aspects of his sentence. Rather, he argues that the district court's sentence is plainly unreasonable because it fails to address the underlying cause of the violations, fails to further the purposes of supervised release, and imposes a sentence that is disproportionate to the violations. "In determining the reasonableness of a sentence, we 'give due deference to the district court's decision.'" Finley, 531 F.3d at 297 (quoting Gall, 552 U.S. at __, 128 S. Ct. at 597). Our review of the record leads us to conclude that the sentence is not unreasonable.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED